IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JOHN KAYOMA,                                                                                 PLAINTIFF

VS.                                                                     CIVIL ACTION No. 4:05CV257-EMB

DELTA HEALTH CENTER,                                                 DEFENDANT

## MEMORANDUM OPINION

### Introduction

The parties herein have consented to trial and entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Now before the Court are Plaintiff's Motion to Compel [doc. 20]; Defendant Delta Health Center, Inc.'s Response to Motion to Compel [doc. 26]; Defendant Delta Health Center, Inc.'s Motion for Partial Summary Judgment [doc. 24] and supporting Brief [doc. 25]; Plaintiff John Kayoma's Response [doc. 27]; and Defendant's Rebuttal or Motion for Full Summary Judgment [doc. 28]. Having fully considered the foregoing and the applicable law and for the reasons set out below, the Court is of the opinion that full summary judgment should be granted in favor of defendant.

*Discovery Dispute*

As an initial matter, the Court should address the discovery dispute which arose immediately prior to defendant's filing of the instant motion for summary judgment. On August 21, 2006, plaintiff filed a motion to compel [doc. 20] wherein he seeks an order of this Court compelling defendant to produce information which consists mainly of employment records of other physicians employed by Delta Health Center, Inc. ("DHC"). And, in response to the instant motion for partial summary judgment, plaintiff *suggests* defendant's failure to produce

certain discovery has left him ill prepared to oppose the motion. The Court cannot accept plaintiff's suggestion, as plaintiff has failed to make the requisite showing under Rule 56(f) that additional discovery is necessary. Moreover, the information sought by way of plaintiff's motion to compel consists mainly of confidential employment records of other physicians which are irrelevant to the issues raised by this lawsuit. Accordingly, plaintiff's motion to compel is hereby denied, and the Court will proceed with consideration of the motion for summary judgment.

## Facts

Plaintiff filed this lawsuit against DHC, on September 26, 2005, in the County Court of Washington County, Mississippi. *See* Complaint, dckt. no. 2. The action was removed to this Court by DHC on November 15, 2005. *See* Notice of Removal, dckt. no. 1. The Complaint alleges breach of contract, wrongful termination and "unfair labor practices" and discrimination in connection with plaintiff's employment at DHC. *See* Complaint. Specifically, plaintiff alleges he was recruited and hired in December 2002 by DHC as a resident physician and "executed" a three-year Employment Agreement ("Agreement"). *Id.* at p. 2. He further claims during his recruitment he was promised additional incentives by DHC in exchange for his accepting the offer of employment. *Id.* Those incentives included "incentive pay with bonuses based upon collections" and "payment of continuing medical education expenses." *Id.* According to plaintiff, shortly after commencing work, DHC "defaulted on the terms and conditions" of the Agreement. *Id.* at p. 2-3. Plaintiff attached a copy of the putative Agreement to the Complaint. This document is not complete and does not contain the signature of either plaintiff or a representative of DHC.

## Summary Judgment Standard

Summary Judgment is appropriate under Rule FED.R.CIV.P. 56 when " . . . the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Lujan v. National Wildlife Federation*, 497 U.S. 871, 110 S.Ct. 3177, 3189, 111 L.Ed.2d 695 (1990). To that end, the court must "view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Wyatt v. Hunt Plywood*, 297 F.3d 405, 409 (5th Cir.2002). Where the record taken as whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Washington v. Allstate Ins. Co.*, 901 F.2d 1281 (5th Cir.1990).

Furthermore, the party moving for summary judgment must "demonstrate the absence of a genuine issue of material fact," but need not negate the elements of the nonmovant's case. *Celotex*, 106 S.Ct. at 2553; *see Lujan*, 110 S.Ct. at 3187. If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response. If the movant does, however, meet this burden, the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 106 S.Ct. at 2553-54.

A dispute over a material fact is genuine, if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Kee v. City of Rowlett Texas*, 247 F.3d 206, 210 (5th Cir.2001). This burden is not satisfied with "some metaphysical doubt as to the material facts," *Matsushita*, 106 S.Ct. at 1356, by "conclusory allegations," *Lujan*, 110 S.Ct. at 3180, by "unsubstantiated assertions," *Hopper v. Frank*, 16 F.3d 92 (5th Cir.1994), or by only a "scintilla" of evidence, *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082 (5th Cir.1994).

**<u>Discussion</u>**

*Plaintiff's Breach of Contract and Wrongful Termination Claims*

In its motion for partial summary judgment, DHC argues, *inter alia,* that by the terms of the putative written Agreement, it was intended to be the entire agreement between the parties; and parol evidence of other oral promises may not be used to vary the terms of the written contract. In response, plaintiff states because defendant has failed to produce a signed copy of the Agreement, there is no written contract in this case; and the parol evidence rule does not apply. In support of this position, plaintiff offers his own Affidavit wherein he states he never received a signed copy of the Agreement and that he has never seen one. *See* Affadavit of John Kayoma attached as an Exhibit to plaintiff's Response to Motion for Partial Summary Judgment.

Based on the foregoing, the Court accepts plaintiff's argument and concludes that there is no written contract in this case. Accordingly, as defendant suggests, plaintiff's breach of contract claim can only be based on some oral agreement. However, working from a theory of an oral contract, plaintiff's breach of contract claim collapses.

The Complaint alleges plaintiff was hired for a three year term, and this term was extended on or about January 13, 2005. *See* Complaint at p. 2. As such, plaintiff's claim based on an unwritten contract for a term of three years is unenforceable under Mississippi's Statute of Frauds, Miss. Code Ann. § 15-3-1(d) (1972). This statute states that an action may not be brought against a party upon an agreement "which is not to be performed within the space of fifteen months from the making thereof" unless the agreement is in writing and signed by the party to be charged. Miss. Code Ann. § 15-3-1(d). Because the alleged Agreement in this case was for a term longer than fifteen months and because there is no writing signed by DHC, the entire employment agreement is void, and plaintiff's breach of contract claim should be dismissed.

And, because the alleged employment agreement is void, plaintiff's employment with DHC was on an at-will basis. *See Robinson v. Coastal Family Health Center, Inc.*, 756 F.Supp. 958, 961 (S.D. Miss. 1990). This finding brings us to plaintiff's wrongful termination claim. Under Mississippi law, "at-will employment relationships are not governed by a covenant of good faith and fair dealing which gives rise to a cause of action for wrongful termination." *Young v. North Miss. Med. Ctr.*, 783 So.2d 661, 663-64 (Miss. 2001); *see also Cothern v. Vickers, Inc.*, 759 So.2d 1241, 1248 (Miss. 2000) ("there is no implied duty of good faith and fair dealing in employment contracts."). Thus, the validity of terminations under at-will employment agreements is not to be viewed through a good faith lens. Otherwise, the language that an employer may validly fire for a good, bad, or no reason becomes a nullity. *Harris v. Mississippi Valley State University*, 873 So.2d 970, 986 (Miss. 2004). Based on the foregoing, plaintiff's wrongful termination claim should also be dismissed.

*Plaintiff's Discrimination and Unfair Employment Practices Claim*

Count III of the Complaint states in pertinent part:

> "The refusal to pay Plaintiff part of his earned compensation, including insurance and other benefits, constitutes unfair labor practices in violation of law. The effect of taking or otherwise not paying Plaintiff earned compensation while paying other employees similarly situated is discrimination and violates state and federal law."

*See* Complaint at p. 4.

Under either Title VII or 42 U.S.C. § 1981, plaintiff must prove DHC discriminated against him by presenting a *prima facie* case through offering direct or circumstantial evidence. *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1085 (5th Cir.1994). Because direct evidence is often rare, a plaintiff ordinarily establishes a *prima facie* case through circumstantial evidence. In making a *prima facie* case of discrimination through circumstantial evidence, the plaintiff must show (i) he is a member of a protected class, (ii) he was qualified for the position lost, (iii)

he suffered an adverse employment action, and (iv) that others similarly situated were more favorably treated. *Urbano v. Continental Airlines, Inc*., 138 F.3d 204, 206 (5th Cir.1998) (citing *McDonnell Douglas*, 411 U.S. at 792- 793, 93 S.Ct. 1817). In determining whether the plaintiff has met his burden of proving a *prima facie case*, the court must consider the four factors outlined above. In this case, plaintiff has not proven or even alleged all the necessary elements of a *prima facie* case of discrimination. Based on this, plaintiff's discrimination and "unfair" employment practices claim should be dismissed.

## Conclusion

For the foregoing reasons, there are no issues for trial; and defendant is entitled to judgment as a matter of law on all of plaintiff's claims. A judgment consistent with this opinion shall be entered.

**THIS**, the 22nd day of November, 2006.

**/s/ Eugene M. Bogen**
**U. S. MAGISTRATE JUDGE**